**RECONSTRUCTION FINANCE CORPORATION v. CENTRAL REPUBLIC TRUST CO. et al.**

No. 14189.

District Court, N. D. Illinois, E. D.

Dec. 6, 1939.

O. John Rogge and Harold Rosenwald, both of Washington, D. C., and William S. Allen, Lee Walker, and M. O. Hoel, all of Chicago, Ill., for the RFC.

Taylor, Miller, Busch & Boyden, of Chicago, Ill., for Central Ins. Co. of Illinois.

WILKERSON, District Judge.

Plaintiff seeks to recover $20,000 added stock liability on 200 shares of Central Republic Bank and Trust Company stock acquired between 1924 and 1931 by Central Life Insurance Company of Illinois and held by it on the dates in question in this case. The defendant contends that the ownership was ultra vires.

Defendant was incorporated in 1907 under the Illinois Act of 1869 (Callaghan's Ill.Stats.Ann. ch. 73, par. 334, Smith-Hurd Stats. c. 73, § 223 note). Section 2 of Article V of the charter, which followed the language of section 11 of the Act, reads: "It shall be lawful for said corporation to invest its funds and accumulations in the stocks of the United States or of the State of Illinois, or of any city or town in this state, or in any national bank, or in such other stocks and securities as may be approved by the Insurance Superintendent, or in first mortgages on real estate, being worth at least twice the amount of money loaned thereon."

In 1907 a general act permitted all life insurance companies to invest in Illinois bank stocks. Callaghan's Ill.Stats.Ann. ch. 73, pars. 368–371, Laws 1907, p. 364.

On February 10, 1932, said section 11 of the Act of 1869 was amended (Ill.Bar Stats.1935, ch. 73, par. 334, Smith-Hurd Stats. c. 73, § 223) so that investment in stocks of banks was made permissible in express language and by reference to the Act of 1907.

In 1933 the Act of 1907 was repealed so as to prohibit investments in common stocks. Laws 1933, p. 662, § 7.

Neither section 2 of Article V of the charter nor section 11 of the Act of 1869 prohibited investment in Illinois bank stocks. Each of these sections provided for investment in stocks of certain classes, and such other stocks and securities as might be approved by the Insurance Superintendent, and it must be presumed that the investment was properly made, particularly since it appears that the stock was held for several years without the Insurance Superintendent's disapproval.

Moreover, defendant's charter contains Article II which, among other things, provides that the company shall possess and enjoy all the powers of corporations organized under the 1869 Act, and all amendments thereto. This provision was repeated in an amendment to the charter under date of March 20, 1926. In 1907 the Illinois Legislature made Illinois state bank stocks a proper investment for all life insurance companies. In 1932 section 11 of the 1869 Act was amended so that investment in stocks of banks was made permissible in express language and by reference to the Act of 1907. Under the express language of Article II of the charter, the subsequent Act of 1907 was a part thereof and the corporation between 1924 and 1931 had the right to invest in Illinois bank stocks.

Section 2 of Article V of the charter is practically a copy of section 11 of the 1869 Act. This fact and the fact that Article II of the charter and the 1926 amendment to the charter, adopt amendments of the 1869 Act, indicate that the incorporators intended a corporation with all the powers permitted by the statute as it then existed or as it might exist in the future, and did not intend a corporation of limited powers.

Also, a corporation may accept powers granted by subsequent legislation. The Act of 1907 was applicable to all life insurance companies. In addition to the express inclusion of subsequent legislation by the charter provisions, defendant by act and deed accepted the 1907 broadening of powers when defendant made the investments in bank stocks. When defendant in the 1926 amendment to its charter repeated the language of its charter that the corporation should enjoy all powers granted to life insurance companies, defendant accepted the 1907 Act.

In my opinion the objection of ultra vires must be overruled. Plaintiff is directed to prepare a draft order to be presented on proper notice.